STATE OF HAWAII, Plaintiff-Appellant, *v.* WALTER
MURRAY, Defendant-Appellee

NO. 12144

(CRIMINAL NO. 86-1006)

APRIL 29, 1988

LUM, C.J., NAKAMURA, PADGETT, HAYASHI
AND WAKATSUKI, JJ.

OPINION OF THE COURT BY PADGETT, J.

This is an appeal by the State from an order dismissing an
indictment. We affirm.

Appellee was originally indicted on April 23, 1986 in Criminal
No. 86-0476. The indictment read:

The Grand Jury charges:

On or about the 18th day of October, 1985, in the City and
County of Honolulu, State of Hawaii, WALTER MURRAY did
confer, or offer or agree to confer, directly or indirectly, a
pecuniary benefit, to wit, University of Hawaii football game
tickets, upon Kyle Nobriga, a public servant, to wit, a police
officer, with the intent to influence said public servant's action
in his official capacity, to wit, the issuance of traffic citations,
thereby committing the offense of Bribery in violation of Sec-
tion 710-1040(1)(a) of the Hawaii Revised Statutes.

A jury trial was held on that indictment in June of 1986 but the jury
was unable to reach a verdict and mistrial was declared on June 17,

1986. On September 3, 1986, a new indictment against appellant was returned, reading:

The Grand Jury charges:

On or about the 18th day of October, 1985, in the City and County of Honolulu, State of Hawaii, WALTER MURRAY did confer, or offer or agree to confer, directly or indirectly, a pecuniary benefit, to wit, University of Hawaii football game tickets, upon Kyle Nobriga, a public servant, to wit, a police officer, with the intent to influence said public servant's opinion, judgment, exercise of discretion, or other action in his official capacity, thereby committing the offense of Bribery in violation of Section 710-1040(1)(a) of the Hawaii Revised Statutes.

Subsequently, over appellee's objection, the State moved to *nolle prosequi* the original indictment and that motion was granted.

On January 21, 1987, appellee filed a motion to dismiss the present indictment, which motion was granted, and a reconsideration thereof denied.

Although the arguments made by the parties on this appeal are made in terms of whether the elimination in the indictment in question of the phrase "to wit, the issuance of traffic citations," contained in the first indictment is permissible where there has been a full trial under the first indictment, we cannot reach that question.

A *nolle prosequi* entered with the consent of the defendant after jeopardy has attached will not necessarily bar a subsequent prosecution for the same offense. *State v. Miyazaki,* 64 Haw. 611, 645 P.2d 1340 (1982). It is well settled, however, that a *nolle prosequi* entered over the defendant's objection, after jeopardy has attached, terminates the prosecution and bars any subsequent trial for the same offense. 21 Am.Jur.2d, *Criminal Law* § 264 (1981); 22 C.J.S., *Criminal Law* § 255 (1961). Accordingly, the order below dismissing the indictment is affirmed.

*Lila B. LeDuc,* Deputy Prosecuting Attorney, for appellant.
*Chester M. Kanai* for appellee.